UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FABRIZIA L., parent of three children; UDAYA, parent of three children; CHLOE, parent of three children; KATIE, parent of three children; UELOT, parent of two children, and on behalf of all others similarly situated,<br><br>    *Plaintiffs*,<br><br>v.<br><br>CHARLIE BAKER, in his official capacity as Governor of the Commonwealth of Massachusetts; SUPREME JUDICIAL COURT, its associate justices and HONORABLE CHIEF JUSTICE RALPH D. GANTS; THE GENERAL COURT, comprising of the Senate and House of Representatives; LINDA SPEARS, in her official capacity as Commissioner of the Department of Children and Families; MARYLOU SUDDERS, in her official capacity as Secretary of Health and Human Services; ANTHONY J. BENEDETTI, in his official capacity as Chief Counsel for the Committee for Public Counsel Services; KAREN SPILKA, in her official capacity as President of the Senate; ROBERT DELEO, in his official capacity as Speaker of the House of Representatives; GENE RAUHALA, ALAN I. LEVINE, TAMEKA GRANTHAM O'BRIEN and KRISTYN SNYER MCKENNA, counsel on behalf of CAFL Division of CPCS; HONORABLE JUDGE JOY FLOWERS CONTI, in her official capacity and on behalf of all others,<br><br>    *Defendants*. | C.A. No. 18-cv-11674-LTS |

**STATE DEFENDANTS' STATUS REPORT**
**SUBMITTED PURSUANT TO THE COURT'S AUGUST 13, 2018 ORDER**

State Defendants Governor Charlie Baker; the Supreme Judicial Court for the Commonwealth of Massachusetts; Honorable Ralph D. Gants, Chief Justice of the Massachusetts Supreme Judicial Court; the General Court of the Commonwealth of Massachusetts; Massachusetts Department of Children and Families Commissioner Linda S. Spears; Massachusetts Executive Office of Health and Human Services Secretary Marylou Sudders;

1

Anthony J. Benedetti, Chief Counsel for the Massachusetts Committee for Public Counsel Services; Senator Karen E. Spilka, President of the Massachusetts Senate; Speaker Robert DeLelo, Speaker of the Massachusetts House of Representatives; and Gene Rauhala, Alan I. Levine, Tameka Grantham O'Brien, and Kristyn Snyer McKenna, counsel for the Children and Family Law Division of the Massachusetts Committee for Public Counsel Services ("State Defendants"), all named only in their official capacities, through their counsel, respectfully submit this Status Report pursuant to the Court's August 13, 2018, Order on Motions [Docket No. 11],[1] setting forth their position regarding: (1) a schedule for resolution of Plaintiffs' motion for injunctive relief [Docket No. 4]; (2) a schedule for resolution of Plaintiffs' motion for class certification [Docket No. 6]; and (3) any other scheduling or related procedural matters they wish to address.[2]

## I. Preliminary Statement Regarding Anticipated Filings

### A. Rule 8 Motion to Dismiss

State Defendants' response to Plaintiffs' Amended Complaint is currently due on Tuesday, November 13, 2018. <u>On or before that date</u>, State Defendants intend to file a motion to dismiss Plaintiffs' 199-page, 568-paragraph Amended Complaint [Docket No. 10] for failure to comply

---

[1] In its Order, the Court directed the parties to submit a joint status report within 7 days of the filing of proof of service of the Complaint upon all defendants. Plaintiffs filed the State Defendants' Waiver of Service of Summons forms on Tuesday, September 18, 2018. Three days later, on September 21, Plaintiffs, through their counsel, filed a "[Proposed Disparate] Joint Scheduling Order" [Docket No. 21]. The State Defendants submit this Status Report to set forth their separate positions with respect to the issues identified in the Court's Order.

[2] On September 20, 2018, Anna Rachel Dray-Siegel, counsel for the State Defendants, withdrew the notice of appearance and waiver of service of summons form previously filed on behalf of Defendant the Honorable Joy Flowers Conti, which were filed in error. It appears that Honorable Joy Flowers Conti is the Chief District Judge of the United States District Court for the Western District of Pennsylvania. Attorney Dray-Siegel, an Assistant Attorney General for the Commonwealth of Massachusetts, does not and cannot represent Justice Flowers Conti. Therefore, State Defendants' Status Report does not represent Justice Flowers Conti's position with respect to any of the issues set forth herein. To the extent that Plaintiffs' counsel intended to name a different defendant – a judge who sits upon the Massachusetts Juvenile Court – he has failed to identify or name that defendant.

with the pleading requirements set forth by Fed. R. Civ. P. 8, i.e., that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and that each allegation therein "must be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2) & 8(d)(1).

**B.** **Rule 12 Motion to Dismiss**

If either (1) the Court denies State Defendants' Rule 8 Motion to Dismiss, or (2) Plaintiffs, with the Court's permission, file another Amended Complaint that cures their pleading defects, the State Defendants anticipate filing a Rule 12 Motion to Dismiss. State Defendants anticipate that any Rule 12 Motion to Dismiss would be dispositive as to all of Plaintiffs' claims. State Defendants take the position that any Rule 12 Motion to Dismiss should not be due until <u>at least 60 days after</u> either (1) the Court denies State Defendants' Rule 8 Motion to Dismiss, or (2) the Court permits Plaintiffs to and Plaintiffs do file a second Amended Complaint that comports with the requirements of Rule 8.

**II.** **Motion for Injunctive Relief [Docket No. 4]**

By their motion for injunctive relief [Docket No. 4], which is supported only by blanket assertions and unsupported by legal argument, Plaintiffs seek "an extraordinary and drastic remedy that is never awarded as of right."[3]  *Peoples Fed. Savings Bank v. People's United Bank*, 672 F.3d 1, 8-9 (1st Cir. 2012) (citation omitted).

---

[3] Plaintiffs' motion requests sweeping and systemic injunctive relief that, if granted, would substantially disrupt the operation of the Massachusetts Department of Children and Families and the Massachusetts child welfare system. *See, e.g.,* Docket No. 4 at 5, ¶ 18 (requesting that the Court require the Commonwealth of Massachusetts to create a new administrative agency); 6, ¶ 24 (requesting that the Court instruct the Commonwealth of Massachusetts on the use of federal funds). Plaintiffs' motion, which appears to have been largely copied from a similar motion filed in another case, also asks this Court to interfere with ongoing juvenile court proceedings and order the return of children to parents who are not named parties to this action. *See, e.g.,* Docket No. 4 at 4, ¶¶ 7-11. Furthermore, Plaintiffs' motion attempts to incorporate by reference the facts and allegations set forth in their 199-page Amended Complaint, as well as "all other papers filed herewith and shortly after." *See* Docket No. 4 at 1, ¶ 2.

State Defendants take the position this Court's resolution of Plaintiffs' motion for injunctive relief should be <u>stayed</u> pending this Court's determinations on <u>both</u> (1) State Defendants' forthcoming Rule 8 Motion to Dismiss, and (2) State Defendants' anticipated Rule 12 Motion to Dismiss, should it become necessary to file one because the Court has either denied State Defendants' Rule 8 Motion to Dismiss or allowed Plaintiffs to amend their Amended Complaint again.

In the interest of compromise, if Plaintiffs' Amended Complaint is not dismissed pursuant to Rule 8, or Plaintiffs are permitted to and do satisfactorily amend their Amended Complaint, State Defendants will include an opposition to Plaintiffs' request for injunctive relief with any Rule 12 Motion to Dismiss.

### III.  Motion for Class Certification [Docket No. 6]

Courts must engage in a "rigorous analysis" of the prerequisites established by Fed. R. Civ. P. 23 before certifying a class. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 351–52 (2011); *Smilow v. Southwestern Bell Mobile Systems, Inc.*, 323 F.3d 32, 38 (1st Cir. 2003).

State Defendants take the position that, in the interest of judicial economy and the absence of alleged or demonstrable prejudice to Plaintiffs, briefing in opposition to Plaintiffs' motion for class certification [Docket No. 6], and this Court's "rigorous analysis," should be stayed <u>until at least 60 days after</u> this Court's determination on State Defendants' anticipated Rule 12 Motion to Dismiss, which, if granted, will be dispositive as to Plaintiffs' claims. *See, e.g., Good v. Altria Group, Inc.*, 231 F.R.D. 446, 446 (D. Me. 2005) ("judicial economy and an absence of demonstrable prejudice to the Plaintiffs or putative class members encourage this Court to grant the motion to stay" pending resolution of dispositive motion for summary judgment). *See also* Fed. R. Civ. P. 23(c)(1)(A), Advisory Committee's Note to 2003 Amendment (rule amended to

now require determination on class certification "at an early practicable time" to better reflect prevailing practice and "the many valid reasons that may justify deferring the initial certification decision," including that "[t]he party opposing the class may prefer to win dismissal or summary judgment as to the individual plaintiffs without certification and without binding the class that might have been certified").

## IV.   Other Scheduling or Procedural Matters

### A.   Plaintiffs' Motion for Expedited Show Cause Hearing [Docket No. 13]

By their "Motion for Expedited Order for DCF to Show Cause Why Writ of Habe[a]s Corpus For Child/Ren Should Not Issue" [Docket No. 13], Plaintiffs seek to require the Department of Children and Families to present to this Court evidence regarding the merits of care and protection proceedings that are ongoing in the Massachusetts Juvenile Court.  *See* Docket No. 13 at 3.  Plaintiffs appear to ultimately seek writs of habeas corpus on behalf of their children. *See* Docket No. 13 at 3.  *See also* "Verified Motion for Expedited Discovery and Scheduling Order for Preliminary Injunctive Relief with Waiver of Bond" [Docket No. 3] at 3.  Plaintiffs have requested that this "show cause hearing" take place on Friday, September 28, 2018.  *See* "[Proposed Disparate] Joint Scheduling Order" [Docket No. 21] at 1.

State Defendants take the position that this motion is entirely devoid of merit and seeks to impose this Court in ongoing child protection matters proceeding in the Massachusetts Juvenile Court system.  Furthermore, the relief that Plaintiffs ultimately seek – writs of habeas corpus on behalf of their children – is not available.  Indeed, it is well-established that federal habeas corpus relief is not available to challenge state child custody rulings.  *Lehman v. Lycoming Cty. Children's Servs. Agency*, 458 U.S. 502, 516 (1982); *Hemon v. Office of Public Guardian*, 878 F.2d 13, 14-15 (1st Cir. 1989); *Rago v. Samaroo*, 344 F.Supp.2d 309, 315 (D. Mass. 2004) ("It is well settled…that federal courts have no jurisdiction in habeas corpus to determine a parent's right to

custody of his minor children, even if it is alleged that custody was obtained by means that violate the Federal Constitution.").

Therefore, if this Court does not deny Plaintiffs' motion sua sponte, State Defendants request that they be permitted until <u>at least Tuesday, November 13, 2018</u>, to oppose Plaintiffs' motion. Additionally, State Defendants take the position that, at a minimum, no show cause hearing should be held prior to this Court's receipt and review of their opposition to Plaintiffs' motion.

    **B.**    **Discovery**

By their "Verified Motion for Expedited Discovery and Scheduling Order for Preliminary Injunctive Relief with Waiver of Bond" [Docket No. 3], Plaintiffs ask that this Court permit them to conduct expedited discovery. By their "[Proposed Disparate] Joint Scheduling Order" [Docket No. 21], Plaintiffs seek to establish a "timetable for discovery," which, among other expedited deadlines, requires all depositions to be completed by October 26, 2018.

Defendants take the position that <u>any and all</u> discovery, including conferencing requirements, initial disclosures, and expert discovery, should be <u>stayed</u> pending the Court's determinations on <u>both</u> State Defendants' forthcoming Rule 8 Motion to Dismiss and anticipated Rule 12 Motion to Dismiss, either of which may be dispositive on Plaintiffs' claims. *See, e.g., Sibley v. United States Supreme Court*, 786 F. Supp. 2d 338, 346 (D.D.C. 2011) ("It is well settled that discovery is generally considered inappropriate while a motion that would be thoroughly dispositive of the claims in the Complaint is pending." (citations omitted)); *Chavous v. District of Columbia Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2001) ("A stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." (citations omitted)).

Respectfully submitted,

**Governor Charlie Baker; the Supreme Judicial Court for the Commonwealth of Massachusetts; Honorable Ralph D. Gants, Chief Justice of the Massachusetts Supreme Judicial Court; the General Court of the Commonwealth of Massachusetts; Massachusetts Department of Children and Families Commissioner Linda S. Spears; Massachusetts Executive Office of Health and Human Services Secretary Marylou Sudders; Anthony J. Benedetti, Chief Counsel for the Massachusetts Committee for Public Counsel Services; Senator Karen E. Spilka, President of the Massachusetts Senate; Speaker Robert DeLelo, Speaker of the Massachusetts House of Representatives; and Gene Rauhala, Alan I. Levine, Tameka Grantham O'Brien, and Kristyn Snyer McKenna, counsel for the Children and Family Law Division of the Massachusetts Committee for Public Counsel Services,**

By their Attorney,

MAURA HEALEY
ATTORNEY GENERAL

*/s/ Anna Rachel Dray-Siegel*
Anna Rachel Dray-Siegel, BBO #679443
Assistant Attorney General
Office of the Attorney General
One Ashburton Place, 20th Floor
Boston, Massachusetts 02108
(617) 963-2022

September 25, 2018    anna.rachel.dray-siegel@state.ma.us

## CERTIFICATE OF SERVICE

I certify that this document filed through the CM/ECF system will be sent electronically to registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on September 25, 2018.

/s/ Anna Rachel Dray-Siegel
Anna Rachel Dray-Siegel
Assistant Attorney General